TROY LAW, PLLC
John Troy (JT 0481)
41-25 Kissena Boulevard Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
*Attorney for the Plaintiff, proposed FLSA Collective and potential Rule 23 Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------X

HSIEH LIANG YEH,
*on his own behalf and on behalf of others similarly situated*

               Plaintiff,

               v.

HAN DYNASTY, INC.
    d/b/a Han Dynasty;
H. DYNASTY LLC
    d/b/a Han Dynasty;
HAN DYNASTY UPPER WEST SIDE CORP
    d/b/a Han Dynasty;
HAN DYNASTY NYU CORP
    d/b/a Han Dynasty;
HAN DYNASTY OF UNIVERSITY CITY, INC.
    d/b/a Han Dynasty;
3711 MID-ATLANTIC LLC
    d/b/a Han Dynasty;
3711 MID-ATLANTIC TWO LLC
    d/b/a Han Dynasty;
NEW HAN DYNASTY INC.
    d/b/a Han Dynasty;
HAN DYNASTY OF PHILADELPHIA INC
    d/b/a Han Dynasty;
HAN DYNASTY OF MANAYUNK INC
    d/b/a Han Dynasty;
HAN DYNASTY OF CHERRY HILL, LLC
    d/b/a Han Dynasty;
TAO-PIN CHIANG,
LUNG-LUNG SHEN CHIANG,
HAN MING CHIANG,
HELEN M KWAN,
JUNE KWAN, and
SUYING ZHONG

               Defendants.

--------------------------------------------------------X

**Case No. 18-cv-06018**

**29 U.S.C. § 216(b)**
**COLLECTIVE ACTION &**
**FED. R. CIV. P. 23 CLASS**
**ACTION**

**COMPLAINT**

Plaintiff HSIEH LIANG YEH (hereinafter referred to as Plaintiff), on behalf of himself and others similarly situated, by and through his attorney, Troy Law, PLLC, hereby brings this complaint against Defendants H. DYNASTY LLC d/b/a Han Dynasty; HAN DYNASTY UPPER WEST SIDE CORP d/b/a Han Dynasty; HAN DYNASTY NYU CORP d/b/a Han Dynasty; HAN DYNASTY OF UNIVERSITY CITY, INC. d/b/a Han Dynasty; 3711 MID-ATLANTIC LLC d/b/a Han Dynasty; 3711 MID-ATLANTIC TWO LLC d/b/a Han Dynasty; NEW HAN DYNASTY INC. d/b/a Han Dynasty; HAN DYNASTY OF PHILADELPHIA INC d/b/a Han Dynasty; HAN DYNASTY OF MANAYUNK INC d/b/a Han Dynasty; HAN DYNASTY, INC. d/b/a Han Dynasty; and HAN DYNASTY OF CHERRY HILL, LLC d/b/a Han Dynasty; and TAO-PIN CHIANG, LUNG-LUNG SHEN CHIANG, HAN MING CHIANG, HELEN M KWAN, JUNE KWAN, and SUYING ZHONG, and alleges as follows:

## INTRODUCTION

1.      This action is brought by the Plaintiff HSIEH LIANG YEH, on behalf of himself as well as other employees similarly situated, against the Defendants for alleged violations of the Fair Labor Standards Act, (FLSA) 29 U.S.C. § 201 *et seq.*, the Pennsylvania Minimum Wage Act of 1968, 43 P.S. §§ 333.101, *et seq.* ("PAMWA"); and Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. §§ 260.1 *et seq.*, and New York Labor Law (NYLL), arising from Defendants' various willfully and unlawful employment policies, patterns and practices.

2.      Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA, the PAMWA, the WPCL, and the NYLL by engaging in pattern and practice of failing to pay its employees, including Plaintiff, minimum

wage for each hour worked and overtime compensation for all hours worked over forty (40) each workweek.

3.	Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid overtime wages (2) liquidated damages, (3) prejudgment and post-judgement interest; and or (4) attorney's fees and cost.

4.	Plaintiff further alleges pursuant to the Pennsylvania Minimum Wage Act of 1968, 43 P.S. §§ 333.101, *et seq.* ("PAMWA") that he is entitled to recover from the Defendants: (1) unpaid overtime compensation, (2) pre-judgment and post-judgment interest, and (3) attorney's fees and costs.

5.	Plaintiff further alleges pursuant to the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. §§ 260.1 *et seq.* that he was not notified of the following: (1) time and place of payment; (2) rate of pay; and (3) amount of any fringe benefits or wage supplements to be paid to the employee, a third party, or a fund for the benefit of the employee; and is entitled to recover from the Defendants: (1) unpaid overtime wages compensation, (2) liquidated damages, (3) prejudgment and post-judgment interest; and/or (4) attorneys' fees and costs.

6.	Plaintiff further alleges pursuant to NYLL § 650 et seq. and 12 New York Codes, Rules and Regulations § 146 (NYCRR) that he is entitled to recover from the Defendants: (1) unpaid overtime compensation, (2) unpaid spread-of-hours premium, (3) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (4) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that accurately and truthfully lists employee's hours along with the employee's name, employer's name, employer's address and

telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, (5) liquidated damages equal to the sum of unpaid minimum wage, unpaid "spread of hours" premium, unpaid overtime in the amount of twenty five percent under NYLL § 190 et seq., § 650 et seq., and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, (6) 9% simple prejudgment interest provided by NYLL, (7) post-judgment interest, and (8) attorney's fees and costs.

## JURISDICTION AND VENUE

7.    This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and has supplemental jurisdiction over the the Pennsylvania Minimum Wage Act claims pursuant to 28 U.S.C. § 1367(a).

8.    Venue is proper in the the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged also took place in this District.

## PLAINTIFF

9.    From on or about November 02, 2014 to around May 2016 and again from June 2016 to January 15, 2018, Plaintiff HSIEH LIANG YEH was employed by Defendants to work as a chef at HAN DYNASTY, INC. d/b/a Han Dynasty.

10.    From in or about May 2016 to June 2016, Plaintiff HSIEH LIANG YEH was employed by Defendants to work as a chef at HAN DYNASTY UPPER WEST SIDE CORP d/b/a Han Dynasty.

## DEFENDANTS

*Corporate Defendants*

11.     Defendant H. DYNASTY LLC d/b/a Han Dynasty is a domestic business corporation organized under the laws of the State of New York with a principal address at 445 Albee Square W, Brooklyn, NY 11201.

12.     H. DYNASTY LLC d/b/a Han Dynasty is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

13.     H. DYNASTY LLC d/b/a Han Dynasty purchased and handled goods moved in interstate commerce.

14.     Defendant HAN DYNASTY UPPER WEST SIDE CORP d/b/a Han Dynasty is a domestic business corporation organized under the laws of the State of New York with a principal address at 215 W 85th St, New York, NY 10024.

15.     HAN DYNASTY UPPER WEST SIDE CORP d/b/a Han Dynasty is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

16.     HAN DYNASTY UPPER WEST SIDE CORP d/b/a Han Dynasty purchased and handled goods moved in interstate commerce.

17.     Defendant HAN DYNASTY NYU CORP d/b/a Han Dynasty is a domestic business corporation organized under the laws of the State of New York with a principal address at 90 Third Ave, New York, NY 10003.

18.     HAN DYNASTY NYU CORP d/b/a Han Dynasty is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

19.     HAN DYNASTY NYU CORP d/b/a Han Dynasty purchased and handled

goods moved in interstate commerce.

20.    Defendant HAN DYNASTY OF UNIVERSITY CITY, INC. d/b/a Han Dynasty is a domestic business corporation organized under the laws of the State of Pennsylvania with a principal address at 3711 Market Street Philadelphia, PA 19104.

21.    HAN DYNASTY OF UNIVERSITY CITY, INC. d/b/a Han Dynasty is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

22.    HAN DYNASTY OF UNIVERSITY CITY, INC. d/b/a Han Dynasty purchased and handled goods moved in interstate commerce.

23.    Defendant 3711 MID-ATLANTIC LLC d/b/a Han Dynasty is a foreign business corporation organized under the laws of the State of Pennsylvania with a principal address at 3711 Market Street Philadelphia, PA 19104.

24.    3711 MID-ATLANTIC LLC d/b/a Han Dynasty is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

25.    3711 MID-ATLANTIC LLC d/b/a Han Dynasty purchased and handled goods moved in interstate commerce.

26.    Defendant 3711 MID-ATLANTIC TWO LLC d/b/a Han Dynasty is a foreign business corporation organized under the laws of the State of Pennsylvania with a principal address at 3711 Market Street Philadelphia, PA 19104.

27.    3711 MID-ATLANTIC TWO LLC d/b/a Han Dynasty is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

28.     3711 MID-ATLANTIC TWO LLC d/b/a Han Dynasty purchased and handled goods moved in interstate commerce.

29.     Defendant NEW HAN DYNASTY INC. d/b/a Han Dynasty is a domestic business corporation organized under the laws of the State of Pennsylvania with a principal address at 70 Buckwalter Rd, Royersford, PA 19468.

30.     NEW HAN DYNASTY INC. d/b/a Han Dynasty is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

31.     NEW HAN DYNASTY INC. d/b/a Han Dynasty purchased and handled goods moved in interstate commerce.

32.     Defendant HAN DYNASTY OF PHILADELPHIA INC d/b/a Han Dynasty is a domestic business corporation organized under the laws of the State of Pennsylvania with a principal address at 123 Chestnut St, Philadelphia, PA 19106.

33.     HAN DYNASTY OF PHILADELPHIA INC d/b/a Han Dynasty is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

34.     HAN DYNASTY OF PHILADELPHIA INC d/b/a Han Dynasty purchased and handled goods moved in interstate commerce.

35.     Defendant HAN DYNASTY OF MANAYUNK INC d/b/a Han Dynasty is a domestic business corporation organized under the laws of the State of Pennsylvania with a principal address at 4356 Main St Philadelphia, PA 19127.

36.     HAN DYNASTY OF MANAYUNK INC d/b/a Han Dynasty is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars

($500,000) per year.

37.     HAN DYNASTY OF MANAYUNK INC d/b/a Han Dynasty purchased and handled goods moved in interstate commerce.

38.     Defendant HAN DYNASTY, INC. d/b/a Han Dynasty is a domestic business corporation organized under the laws of the State of Pennsylvania with a principal address at 260 N Pottstown Pike, Exton, PA 19341.

39.     HAN DYNASTY, INC. d/b/a Han Dynasty is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

40.     HAN DYNASTY, INC. d/b/a Han Dynasty purchased and handled goods moved in interstate commerce.

41.     Defendant HAN DYNASTY OF CHERRY HILL, LLC d/b/a Han Dynasty is a domestic business corporation organized under the laws of the State of New Jersey with a principal address at 404 Route 70E, Cherry Hill, NJ 08034.

42.     HAN DYNASTY OF CHERRY HILL, LLC d/b/a Han Dynasty is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

43.     HAN DYNASTY OF CHERRY HILL, LLC d/b/a Han Dynasty purchased and handled goods moved in interstate commerce.

### Owner/Operator Defendants

44.     TAO-PIN CHIANG known as Boss to Plaintiff, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at H. DYNASTY LLC d/b/a Han Dynasty; HAN DYNASTY UPPER WEST SIDE

CORP d/b/a Han Dynasty; HAN DYNASTY NYU CORP d/b/a Han Dynasty; HAN DYNASTY OF UNIVERSITY CITY, INC. d/b/a Han Dynasty; 3711 MID-ATLANTIC LLC d/b/a Han Dynasty; 3711 MID-ATLANTIC TWO LLC d/b/a Han Dynasty; NEW HAN DYNASTY INC. d/b/a Han Dynasty; HAN DYNASTY OF PHILADELPHIA INC d/b/a Han Dynasty; HAN DYNASTY OF MANAYUNK INC d/b/a Han Dynasty; HAN DYNASTY, INC. d/b/a Han Dynasty; and HAN DYNASTY OF CHERRY HILL, LLC d/b/a Han Dynasty.

45.    TAO-PIN CHIANG acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NJWHL § 34:11-4.1 and the regulations thereunder, and is jointly and severally liable with H. DYNASTY LLC d/b/a Han Dynasty; HAN DYNASTY UPPER WEST SIDE CORP d/b/a Han Dynasty; HAN DYNASTY NYU CORP d/b/a Han Dynasty; HAN DYNASTY OF UNIVERSITY CITY, INC. d/b/a Han Dynasty; 3711 MID-ATLANTIC LLC d/b/a Han Dynasty; 3711 MID-ATLANTIC TWO LLC d/b/a Han Dynasty; NEW HAN DYNASTY INC. d/b/a Han Dynasty; HAN DYNASTY OF PHILADELPHIA INC d/b/a Han Dynasty; HAN DYNASTY OF MANAYUNK INC d/b/a Han Dynasty; HAN DYNASTY, INC. d/b/a Han Dynasty; and HAN DYNASTY OF CHERRY HILL, LLC d/b/a Han Dynasty.

46.    LUNG-LUNG SHEN CHIANG known as Lady Boss to Plaintiff, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at H. DYNASTY LLC d/b/a Han Dynasty; HAN DYNASTY UPPER WEST SIDE CORP d/b/a Han Dynasty; HAN DYNASTY NYU CORP d/b/a Han Dynasty; HAN DYNASTY OF UNIVERSITY CITY, INC. d/b/a Han Dynasty; 3711 MID-

ATLANTIC LLC d/b/a Han Dynasty; 3711 MID-ATLANTIC TWO LLC d/b/a Han Dynasty; NEW HAN DYNASTY INC. d/b/a Han Dynasty; HAN DYNASTY OF PHILADELPHIA INC d/b/a Han Dynasty; HAN DYNASTY OF MANAYUNK INC d/b/a Han Dynasty; HAN DYNASTY, INC. d/b/a Han Dynasty; and HAN DYNASTY OF CHERRY HILL, LLC d/b/a Han Dynasty.

47.    LUNG-LUNG SHEN CHIANG is the Secretary of HAN DYNASTY, INC. d/b/a Han Dynasty.

48.    Upon information and belief, TAO-PIN CHIANG is a shareholder of HAN DYNASTY, INC. d/b/a Han Dynasty.

49.    LUNG-LUNG SHEN CHIANG is the wife of TAO-PIN CHIANG.

50.    LUNG-LUNG SHEN CHIANG, together with TAO-PIN CHIANG, did exercise their authority in hiring Plaintiff.

51.    Furthermore, LUNG-LUNG SHEN CHIANG signed off on the the check due to all restaurant employees every pay day.

52.    LUNG-LUNG SHEN CHIANG directed Plaintiff to go work at Han Dynasty's New York location at 215 West 85th Street, New York.

53.    LUNG-LUNG SHEN CHIANG acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NJWHL § 34:11-4.1 and the regulations thereunder, and is jointly and severally liable with H. DYNASTY LLC d/b/a Han Dynasty; HAN DYNASTY UPPER WEST SIDE CORP d/b/a Han Dynasty; HAN DYNASTY NYU CORP d/b/a Han Dynasty; HAN DYNASTY OF UNIVERSITY CITY, INC. d/b/a Han Dynasty; 3711 MID-ATLANTIC LLC d/b/a Han Dynasty; 3711 MID-ATLANTIC TWO LLC d/b/a Han Dynasty;

NEW HAN DYNASTY INC. d/b/a Han Dynasty; HAN DYNASTY OF PHILADELPHIA INC d/b/a Han Dynasty; HAN DYNASTY OF MANAYUNK INC d/b/a Han Dynasty; HAN DYNASTY, INC. d/b/a Han Dynasty; and HAN DYNASTY OF CHERRY HILL, LLC d/b/a Han Dynasty.

54.    HAN MING CHIANG, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at .

55.    HAN MING CHIANG acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NJWHL § 34:11-4.1 and the regulations thereunder, and is jointly and severally liable with H. DYNASTY LLC d/b/a Han Dynasty; HAN DYNASTY UPPER WEST SIDE CORP d/b/a Han Dynasty; HAN DYNASTY NYU CORP d/b/a Han Dynasty; HAN DYNASTY OF UNIVERSITY CITY, INC. d/b/a Han Dynasty; 3711 MID-ATLANTIC LLC d/b/a Han Dynasty; 3711 MID-ATLANTIC TWO LLC d/b/a Han Dynasty; NEW HAN DYNASTY INC. d/b/a Han Dynasty; HAN DYNASTY OF PHILADELPHIA INC d/b/a Han Dynasty; HAN DYNASTY OF MANAYUNK INC d/b/a Han Dynasty; HAN DYNASTY, INC. d/b/a Han Dynasty; and HAN DYNASTY OF CHERRY HILL, LLC d/b/a Han Dynasty.

56.    HAN MING CHIANG is the Alcohol Beverage Control Principal for HAN DYNASTY UPPER WEST SIDE CORP d/b/a Han Dynasty; a Manager-Member for HAN DYNASTY OF UNIVERSITY CITY, INC. d/b/a Han Dynasty; a Shareholder-President-Secretary/ Treasurer-Director of HAN DYNASTY OF PHILADELPHIA INC d/b/a Han Dynasty; and President of HAN DYNASTY, INC. d/b/a Han Dynasty.

57.    HELEN M KWAN, (1) had the power to hire and fire employees, (2)

supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at H. DYNASTY LLC d/b/a Han Dynasty; HAN DYNASTY UPPER WEST SIDE CORP d/b/a Han Dynasty; HAN DYNASTY NYU CORP d/b/a Han Dynasty; HAN DYNASTY OF UNIVERSITY CITY, INC. d/b/a Han Dynasty; 3711 MID-ATLANTIC LLC d/b/a Han Dynasty; 3711 MID-ATLANTIC TWO LLC d/b/a Han Dynasty; NEW HAN DYNASTY INC. d/b/a Han Dynasty; HAN DYNASTY OF PHILADELPHIA INC d/b/a Han Dynasty; HAN DYNASTY OF MANAYUNK INC d/b/a Han Dynasty; HAN DYNASTY, INC. d/b/a Han Dynasty; and HAN DYNASTY OF CHERRY HILL, LLC d/b/a Han Dynasty.

58.    HELEN M KWAN is the Alcohol Beverage Control Principal for HAN DYNASTY UPPER WEST SIDE CORP d/b/a Han Dynasty.

59.    HELEN M KWAN acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NJWHL § 34:11-4.1 and the regulations thereunder, and is jointly and severally liable with H. DYNASTY LLC d/b/a Han Dynasty; HAN DYNASTY UPPER WEST SIDE CORP d/b/a Han Dynasty; HAN DYNASTY NYU CORP d/b/a Han Dynasty; HAN DYNASTY OF UNIVERSITY CITY, INC. d/b/a Han Dynasty; 3711 MID-ATLANTIC LLC d/b/a Han Dynasty; 3711 MID-ATLANTIC TWO LLC d/b/a Han Dynasty; NEW HAN DYNASTY INC. d/b/a Han Dynasty; HAN DYNASTY OF PHILADELPHIA INC d/b/a Han Dynasty; HAN DYNASTY OF MANAYUNK INC d/b/a Han Dynasty; HAN DYNASTY, INC. d/b/a Han Dynasty; and HAN DYNASTY OF CHERRY HILL, LLC d/b/a Han Dynasty.

60.    JUNE KWAN, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate

and method of payment, and (4) maintained employee records at H. DYNASTY LLC d/b/a Han Dynasty; HAN DYNASTY UPPER WEST SIDE CORP d/b/a Han Dynasty; HAN DYNASTY NYU CORP d/b/a Han Dynasty; HAN DYNASTY OF UNIVERSITY CITY, INC. d/b/a Han Dynasty; 3711 MID-ATLANTIC LLC d/b/a Han Dynasty; 3711 MID-ATLANTIC TWO LLC d/b/a Han Dynasty; NEW HAN DYNASTY INC. d/b/a Han Dynasty; HAN DYNASTY OF PHILADELPHIA INC d/b/a Han Dynasty; HAN DYNASTY OF MANAYUNK INC d/b/a Han Dynasty; HAN DYNASTY, INC. d/b/a Han Dynasty; and HAN DYNASTY OF CHERRY HILL, LLC d/b/a Han Dynasty.

61.     JUNE KWAN is the Alcohol Beverage Control Principal for HAN DYNASTY UPPER WEST SIDE CORP d/b/a Han Dynasty.

62.     JUNE KWAN acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NJWHL § 34:11-4.1 and the regulations thereunder, and is jointly and severally liable with H. DYNASTY LLC d/b/a Han Dynasty; HAN DYNASTY UPPER WEST SIDE CORP d/b/a Han Dynasty; HAN DYNASTY NYU CORP d/b/a Han Dynasty; HAN DYNASTY OF UNIVERSITY CITY, INC. d/b/a Han Dynasty; 3711 MID-ATLANTIC LLC d/b/a Han Dynasty; 3711 MID-ATLANTIC TWO LLC d/b/a Han Dynasty; NEW HAN DYNASTY INC. d/b/a Han Dynasty; HAN DYNASTY OF PHILADELPHIA INC d/b/a Han Dynasty; HAN DYNASTY OF MANAYUNK INC d/b/a Han Dynasty; HAN DYNASTY, INC. d/b/a Han Dynasty; and HAN DYNASTY OF CHERRY HILL, LLC d/b/a Han Dynasty.

63.     SUYING ZHONG, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at H.

DYNASTY LLC d/b/a Han Dynasty; HAN DYNASTY UPPER WEST SIDE CORP d/b/a Han Dynasty; HAN DYNASTY NYU CORP d/b/a Han Dynasty; HAN DYNASTY OF UNIVERSITY CITY, INC. d/b/a Han Dynasty; 3711 MID-ATLANTIC LLC d/b/a Han Dynasty; 3711 MID-ATLANTIC TWO LLC d/b/a Han Dynasty; NEW HAN DYNASTY INC. d/b/a Han Dynasty; HAN DYNASTY OF PHILADELPHIA INC d/b/a Han Dynasty; HAN DYNASTY OF MANAYUNK INC d/b/a Han Dynasty; HAN DYNASTY, INC. d/b/a Han Dynasty; and HAN DYNASTY OF CHERRY HILL, LLC d/b/a Han Dynasty.

64.   SUYING ZHONG is the Vice President of HAN DYNASTY, INC. d/b/a Han Dynasty.

65.   SUYING ZHONG acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NJWHL § 34:11-4.1 and the regulations thereunder, and is jointly and severally liable with H. DYNASTY LLC d/b/a Han Dynasty; HAN DYNASTY UPPER WEST SIDE CORP d/b/a Han Dynasty; HAN DYNASTY NYU CORP d/b/a Han Dynasty; HAN DYNASTY OF UNIVERSITY CITY, INC. d/b/a Han Dynasty; 3711 MID-ATLANTIC LLC d/b/a Han Dynasty; 3711 MID-ATLANTIC TWO LLC d/b/a Han Dynasty; NEW HAN DYNASTY INC. d/b/a Han Dynasty; HAN DYNASTY OF PHILADELPHIA INC d/b/a Han Dynasty; HAN DYNASTY OF MANAYUNK INC d/b/a Han Dynasty; HAN DYNASTY, INC. d/b/a Han Dynasty; and HAN DYNASTY OF CHERRY HILL, LLC d/b/a Han Dynasty.

## STATEMENT OF FACTS

### Corporate Defendants Constitute a Joint Enterprise

66.   Upon information and belief, Corporate Defendants H. DYNASTY LLC d/b/a Han Dynasty; HAN DYNASTY UPPER WEST SIDE CORP d/b/a Han Dynasty; HAN

DYNASTY NYU CORP d/b/a Han Dynasty; HAN DYNASTY OF UNIVERSITY CITY, INC. d/b/a Han Dynasty; 3711 MID-ATLANTIC LLC d/b/a Han Dynasty; 3711 MID-ATLANTIC TWO LLC d/b/a Han Dynasty; NEW HAN DYNASTY INC. d/b/a Han Dynasty; HAN DYNASTY OF PHILADELPHIA INC d/b/a Han Dynasty; HAN DYNASTY OF MANAYUNK INC d/b/a Han Dynasty; HAN DYNASTY, INC. d/b/a Han Dynasty; and HAN DYNASTY OF CHERRY HILL, LLC d/b/a Han Dynasty are joint employers of Plaintiffs and constitute an enterprise as the term is defined by 29 USC §203(r) insofar as the share staff, including Plaintiff, pay Plaintiff as the shareholders of the enterprise, and are otherwise engaged in related activities performed through unified operation and/or common control for a common business purpose, and are co-owned by the same partners.

67.     At all relevant times, the work performed by Plaintiffs was directly essential to the business operated by H. DYNASTY LLC d/b/a Han Dynasty; HAN DYNASTY UPPER WEST SIDE CORP d/b/a Han Dynasty; HAN DYNASTY NYU CORP d/b/a Han Dynasty; HAN DYNASTY OF UNIVERSITY CITY, INC. d/b/a Han Dynasty; 3711 MID-ATLANTIC LLC d/b/a Han Dynasty; 3711 MID-ATLANTIC TWO LLC d/b/a Han Dynasty; NEW HAN DYNASTY INC. d/b/a Han Dynasty; HAN DYNASTY OF PHILADELPHIA INC d/b/a Han Dynasty; HAN DYNASTY OF MANAYUNK INC d/b/a Han Dynasty; HAN DYNASTY, INC. d/b/a Han Dynasty; and HAN DYNASTY OF CHERRY HILL, LLC d/b/a Han Dynasty.

68.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees at least the New York minimum wage for each hour worked.

69.     At all relevant times, Defendants knowingly and willfully failed to pay

Plaintiff her lawful overtime compensation of one and one-half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

70.     While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

71.     Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

72.     Upon information and belief, Defendants failed to keep full and accurate records in order to mitigate liability for their wage violations. Defendants never furnished any notice of their use of tip credit.

73.     At all relevant times, Defendants knowingly and willfully failed to provide Plaintiff and similarly situated employees with Time of Hire Notice reflecting true rates of pay and payday as well as paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

74.     Defendants knew that the nonpayment of overtime pay and New York's "spread of hours" premium for every day in which Plaintiff worked over ten (10) hours would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

75.     Defendants did not post the required New York State Department of Labor posters regarding minimum wage pay rates, overtime pay, tip credit, and pay day.

76.     Defendants committed the following alleged acts knowingly, intentionally and willfully against the Plaintiff, the FLSA Collective Plaintiffs, and the Class.

77.     At all relevant times, Defendants knowingly and willfully failed to pay

Plaintiff and similarly situated employees at least the New Jersey minimum wage for each hour worked.

78.    At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff her lawful overtime compensation of one and one-half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

79.    While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

80.    Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

81.    Upon information and belief, Defendants failed to keep full and accurate records in order to mitigate liability for their wage violations. Defendants never furnished any notice of their use of tip credit.

82.    At all relevant times, Defendants knowingly and willfully failed to provide Plaintiff and similarly situated employees with Time of Hire Notice reflecting true rates of pay and payday as well as paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

83.    Defendants knew that the nonpayment of overtime pay would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

84.    Defendants committed the following alleged acts knowingly, intentionally and willfully against the Plaintiff, the FLSA Collective Plaintiffs, and the Class.

85.    At all relevant times, Defendants knowingly and willfully failed to pay

Plaintiff and similarly situated employees at least the New Jersey minimum wage for each hour worked.

86.    At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawful overtime compensation of one and one-half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

87.    While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

88.    Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

89.    Upon information and belief, Defendants failed to keep full and accurate records in order to mitigate liability for their wage violations. Defendants never furnished any notice of their use of tip credit.

90.    At all relevant times, Defendants knowingly and willfully failed to provide Plaintiff and similarly situated employees with Time of Hire Notice reflecting true rates of pay and payday as well as paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

91.    Defendants knew that the nonpayment of overtime pay would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

### *Plaintiff HSIEH LIANG YEH*

92.    From on or about November 02, 2014 to May 2016 and again from June 2016 to January 15, 2018, Plaintiff HSIEH LIANG YEH was employed by Defendants to work as a

chef at HAN DYNASTY, INC. d/b/a Han Dynasty at 260 N Pottstown Pike, Exton, PA 19341.

93.    From on or about May 2016 to June 2016, Plaintiff HSIEH LIANG YEH was employed by Defendants to work as a chef at HAN DYNASTY UPPER WEST SIDE CORP d/b/a Han Dynasty at 215 W 85th St, New York, NY 10024.

94.    From on or about November 02, 2014 to May 2016 and again from June 2016 to June 30, 2017, Plaintiff HSIEH LIANG YEH's regular work schedule ran from from 11:30 to 21:30, with no break, for ten (10) hours a day for four (4) days from Mondays through Fridays, 11:30 to 21:30, with no break, for ten (10) hours on Saturdays and 11:30 to 21:00, with no break, for nine and a half (9.5) hours on Sundays for a total of 59.50 hours each week.

95.    From May 2016 to June 2016 for one month, Plaintiff HSIEH LIANG YEH's regular work schedule ran from from 11:30 to 21:30, with no break, for ten (10) hours a day for three (3) days from Mondays through Fridays, 11:30 to 21:30, with no break, for ten (10) hours on Saturdays and 11:30 to 21:00, with no break, for nine and a half (9.5) hours on Sundays for a total of 49.50 hours each week.

96.    From on or about July 01, 2017 to January 15, 2018, Plaintiff HSIEH LIANG YEH's regular work schedule ran from 11:30 to 21:30, with no break, for ten (10) hours for four (4) days on Mondays through Fridays; 11:30 to 21:30, with no break, for ten (10) hours for two thirds (2/3) of the time and 16:30 to 21:30, with no break, for five (5) hours for the other third (1/3) of the time on Saturdays for an average of eight and a third (8 1/3) hours; 11:30 to 21:00, with no break, for nine and a half hours for two thirds (2/3) of the time and 16:30 to 21:00, with no break, for four and a half (4.5) hours for the other third (1/3) of the time for an average of seven and five sixth (7 5/6) hours for a total of 56.17 hours each week.

97.     At all relevant times, Plaintiff HSIEH LIANG YEH did not have a fixed time for lunch or for dinner.

98.     In fact, Plaintiff HSIEH LIANG YEH had fifteen (15) minutes to eat and even then he was on call, meaning that if customer's order came, his break stopped and he had to cook.

99.     From on or about November 02, 2014 to April 30, 2015, Plaintiff HSIEH LIANG YEH was paid a flat compensation at a rate of three thousand six hundred dollars ($3600.00) per month.

100.    From on or about May 01, 2015  to December 31, 2016 , Plaintiff HSIEH LIANG YEH was paid a flat compensation at a rate of four thousand dollars ($4000.00) per month.

101.    From on or about January 01, 2017  to January 15, 2018 , Plaintiff HSIEH LIANG YEH was paid a flat compensation at a rate of four thousand five hundred dollars ($4500.00) per month.

102.    At all relevant times, Plaintiff HSIEH LIANG YEH was not paid overtime pay for overtime work.

103.    At all relevant times, Plaintiff HSIEH LIANG YEH was never informed of his hourly pay rate.

104.    Throughout his employment, Plaintiff HSIEH LIANG YEH was not given a statement with his weekly payment reflecting employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day in Chinese, Plaintiff's native language.

105.    Throughout his employment, Plaintiff HSIEH LIANG YEH was not compensated at least at one-and-one-half his promised hourly wage for all hours worked above forty (40) in each workweek.

106.    From May 2016 to June 2016, Plaintiff HSIEH LIANG YEH was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours at his promised rate.

## COLLECTIVE ACTION ALLEGATIONS

107.    Plaintiff brings this action individually and as class representative individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at their promised hourly rate for all hours worked and at one and one half times their promised work for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

108.    Plaintiff brings his Pennsylvania Minimum Wage Act of 1968 claims pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is two years before the filing of the Complaint in this case as defined herein (the "Class Period").

109.    Plaintiff further brings his NYLL claims pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

110.    All said persons, including Plaintiff, are referred to herein as the "Class."

111.    This "Class" is subdivided into the Pennsylvania Sub-Class, the New York Sub-Class, and the New Jersey Sub-Class.

112.    The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said Fed. R. Civ. P. 23.

*Numerosity*

113.    The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

*Commonality*

114.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

*For the Pennsylvania Subclass*

a.    Whether Defendant employed Plaintiff and the Class within the meaning of the PAMWA;

b.    Whether Plaintiff and Class members are entitled to and paid overtime at their promised hourly wage under the PAMWA;

c.    At what common rate, or rates subject to common method of calculation was

and is Defendants required to pay the Class members for their work;

***For the New Jersey Subclass***

    a.   Whether Plaintiff and Class members are entitled to and paid overtime at their promised hourly wage under the NJSA;

    b.   At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work;

***For the New York Subclass***

    a.   Whether Defendant employed Plaintiff and the Class within the meaning of the New York law;

    b.   Whether Plaintiff and Class members are entitled to and paid overtime at their promised hourly wage under the New York Labor Law;

    c.   Whether Defendants maintained a policy, pattern and/or practice of failing to pay Plaintiff and the Rule 23 Class spread-of-hours pay as required by the NYLL;

    d.   Whether Defendants maintained a policy, pattern and/or practice of failing to provide requisite statutory meal periods;

    e.   Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiff and the Rule 23 Class's start of employment and/or timely thereafter;

    f.   Whether Defendants provided paystubs detailing the rates of pay and credits taken towards the minimum wage to Plaintiff and the Rule 23 class on each payday; and

    g.   At what common rate, or rates subject to common method of calculation was

and is Defendants required to pay the Class members for their work.

*Typicality*

115.    Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage or overtime compensation. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

*Adequacy*

116.    Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in representing Plaintiffs in both class action and wage-and-hour employment litigation cases.

*Superiority*

117.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the

individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

118.   Upon information and belief, Defendants and other employers throughout the state violate the PAMWA. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

**STATEMENT OF CLAIMS**

**COUNT I.**
**[Violations of the Fair Labor Standards Act—Failure to Pay Overtime**
**Brought on behalf of the Plaintiff and the FLSA Collective]**

119.   Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

120.   The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed, or one and one-half times the minimum wage, whichever is greater. 29 U.S.C. § 207(a).

121.   The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC § 216(b).

122.   Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pay violated the FLSA.

123.   At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

124.   The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. § 516.4.

125.     Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff' and FLSA Collectives' labor.

126.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT II.
### [Violation of Pennsylvania Minimum Wage Act—Unpaid Overtime Brought on behalf of Plaintiff and Rule 23 Pennsylvania Class]

127.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

128.     Under the PAMWA Article 43, §§333.105(a)-(c), *et seq*, and the supporting Pennsylvania Department of Labor Regulations & industry regulations, defendants are required to pay Plaintiff and Rule 23 Class members one and one half (1.5) times the regular rate of pay for all hours they worked in excess of forty (40) hours in a workweek.

129.     Defendants have failed to pay Plaintiff and Rule 23 Class members the overtime to which they are entitled under the PAMWA.

130.     Defendants have willfully violated the PAMWA by knowingly and intentionally failing to pay Plaintiff and the Rule 23 Class Members overtime wages.

131.     Due to Defendants' willful violations of the PAMWA, Plaintiff and the Rule 23 Class Members were entitled to recover their unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest.

132. Defendants' failure to pay Plaintiff were not in good faith.

## COUNT III.
**[Violation of New York Labor Law—Failure to Pay Overtime
Brought on behalf of Plaintiff and Rule 23 NY Sub-Class]**

133. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

134. An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty-five percent (25%) before April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act, and interest.

135. At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiff at one and one-half times the hourly rate the Plaintiff and the class are entitled to.

136. Defendant' failure to pay Plaintiff his overtime pay violated the NYLL.

137. Defendants' failure to pay Plaintiff was not in good faith.

## COUNT IV.
**[Violation of New Jersey Wage and Hour Law—Failure to Pay Overtime
Brought on behalf of Plaintiff and Rule 23 NJ Sub-Class]**

138. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

139. An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty-five percent (25%) before April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act, and interest.

140. At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiff at one and one-half times the hourly rate the Plaintiff

and the class are entitled to.

141.    By failing to pay Plaintiff and the class, the Plaintiff and Class Members are entitled to recover from Defendants her full unpaid overtime pay, damages for unreasonably delayed payment of wages, reasonable attorneys' fees and costs and disbursement of the action pursuant to NJWHL §§ 34:11-56a *et seq.*

## COUNT V.
**[Violation of New York Labor Law—Spread of Time Pay
Brought on behalf of Plaintiff and Rule 23 NY Sub-Class]**

142.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

143.    The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§ 190, *et seq.*, and §§ 650, *et seq.*, and New York State Department of Labor regulations § 146-1.6.

144.    Defendants' failure to pay Plaintiff spread-of-hours pay was not in good faith.

## COUNT VI.
**[Violation of New York Labor Law—Failure to Provide Time of Hire Wage Notice
Brought on behalf of Plaintiff and Rule 23 NY Sub-Class]**

145.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

146.    The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.  NYLL §195-1(a).

147.    Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on their or her first day of employment.

148.    Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to Plaintiff even after the fact.

149.    Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

## COUNT VII.
### [Violation of New York Labor Law—Failure to Provide Wage Statements Brought on behalf of Plaintiff and Rule 23 NY Sub-Class]

150.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

151.    The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL § 195-1(d).

152.    Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the paystub on or after each Plaintiffs' payday.

153.    Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-d).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, and on the behalf of the FLSA Collective Plaintiffs and Rule 23 Class, respectfully requests that this Court enter a judgment providing the following relief:

a)      Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of his right to join this lawsuit if they believe they were denied premium overtime wages;

b)      Certification of this case as a collective action pursuant to FLSA;

c)      Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the Collective Action Members;

d)      A declaratory judgment that the practices complained of herein are unlawful under FLSA, NYLL, PAMWA, and NJSA;

e)      An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f)      An award of unpaid overtime wages due under FLSA, PAMWA, NYLL and NJSA due Plaintiff and the Collective Action members plus compensatory and liquidated damages;

g)      An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the hourly minimum wage, overtime compensation pursuant to 29 U.S.C. §216;

h)      An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b), NYLL §§198 and 663, PAMWA, and NJSA,

i)      An award of lost wages and liquidated damages equal to lost wages as a result of Plaintiffs' unlawful termination, compensatory damages, 6% simple prejudgment interest provided by PAMWA, 9% simple prejudgment interest provided by NYLL, post-judgment interest, and attorney fees and costs;

j)      An award of prejudgment and post-judgment fees;

k)      Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Flushing, New York

July 2, 2018

TROY LAW, PLLC
*Attorneys for the Plaintiff, proposed FLSA*
*Collective and potential Rule 23 Class*

/s/ John Troy
John Troy
41-25 Kissena Boulevard, Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
johntroy@troypllc.com