UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HSIEH LIANG YEH, *on his own behalf and on
behalf of others similarly situated*,

                       Plaintiff,

           -against-

HAN DYNASTY, INC. d/b/a Han Dynasty;
H. DYNASTY LLC d/b/a Han Dynasty;
HAN DYNASTY UPPER WEST SIDE CORP
d/b/a Han Dynasty;
HAN DYNASTY NYU CORP d/b/a Han Dynasty;
HAN DYNASTY OF UNIVERSITY CITY, INC.
d/b/a Han Dynasty;
3711 MID-ATLANTIC LLC d/b/a Han Dynasty;
3711 MID-ATLANTIC TWO LLC d/b/a Han
Dynasty;
NEW HAN DYNASTY INC. d/b/a Han Dynasty;
HAN DYNASTY OF PHILADELPHIA INC d/b/a
Han Dynasty;
HAN DYNASTY OF MANAYUNK INC d/b/a
Han Dynasty;
HAN DYNASTY OF CHERRY HILL, LLC d/b/a
Han Dynasty;
TAO-PIN CHIANG;
LUNG-LUNG SHEN CHIANG;
HAN MING CHIANG;
HELEN M KWAN;
JUNE KWAN; and
SUYING ZHONG

                 Defendants.

Case No. 18-cv-06018-PAE

**MEMORANDUM OF LAW IN SUPPORT OF MOVING
DEFENDANTS' MOTION TO DISMISS THE COLLECTIVE
AND CLASS ACTION COMPLAINT**

# TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT ........................................................................ 1

RELEVANT PLEADED FACTS...................................................................... 2

LEGAL STANDARDS ................................................................................... 3

I.   FEDERAL RULES OF CIVIL PROCEDURE ("RULE") 12(B)(1)............................. 3

II.   RULE 12(B)(6) ......................................................................................... 3

LEGAL ARGUMENT................................................................................... 4

III.   THE COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILS
       TO PLEAD THAT MOVING DEFENDANTS EMPLOYED HIM .............................. 4

       A.   To Establish Standing In A FLSA Collective Action, Plaintiff Must
            Demonstrate He Is Or Was An Employee Of Each Of The Moving
            Defendants ................................................................................ 4

       B.   Plaintiff Fails to Plausibly Plead That The Individual Moving Defendants
            Was His "Employer" Under The FLSA................................................. 7

       C.   Plaintiff Has Failed To Assert Any Plausible Facts To Establish A Joint
            Employer Relationship Between Moving and Non-Moving Defendants............. 8

       D.   That Plaintiff Has Stylized This Action As A Putative Collective And
            Class Action Does Not Automatically Satisfy The Fundamental
            Requirement of Article III Standing ................................................ 11

       E.   As A Matter Of Law, Plaintiff Cannot Avoid The Standing Requirement
            Merely By Setting Forth Allegations That The Non-Moving Defendants
            And The Moving Defendants Are Joint Employers And/Or Comprise A
            Single Integrated Enterprise........................................................ 15

IV.   PLAINTIFF FAILS TO PLEAD VALID NJWHL OVERTIME PAY AND
       NYLL SPREAD OF HOURS CAUSES OF ACTION .................................. 17

CONCLUSION............................................................................................ 18

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Apolinar v. R.J. Rest.*,
  LLC, 2015-cv-8655, U.S. Dist. LEXIS 65733 (S.D.N.Y. May 18, 2016).........................9, 10

*Arista Records, LLC v. Doe*,
  604 F.3d 110 (2d Cir. 2010)............................................................................................9

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)......................................................................................................3, 4

*Bai v. Zhuo*,
  No. 13 CIV. 05790 ILG, 2014 WL 2645119 (E.D.N.Y. June 13, 2014)............................10

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544, 555 (2007) ............................................................................................3, 4

*Bravo v. Eastpoint Int'l*,
  o. 99 CIV. 9474 (WK), 2001 WL 314622 (S.D.N.Y. Mar. 30, 2001)..................................7, 8

*Cannon v. Douglas Elliman. LLC*,
  No. 06 Civ. 7092, 2007 WL 4358456 (S.D.N.Y. Dec. 10, 2007)............................................5

*Carter v. Dutchess County Community College*,
  735 F. 2d 8 (2d Cir. 1984)...........................................................................................5, 6

*Cavallaro v. UMass Mem'l Health Care, Inc.*,
  971 F. Supp. 2d 139 (D. Mass. 2013) ......................................................................13, 14, 16

*Cent. States Southeast & Southwest Areas Health & Welfare Fund v. Merck-*
  *Medco Managed Care, L.L.C.*,
  504 F. 3d 229 (2d Cir. 2007).......................................................................................3, 11

*Chan v. Sung Yue Tung Corp. d/b/a/ 88 Palace*,
  2007 U.S. Dist. LEXIS 7770 (S.D.N.Y. 2007) ...............................................................7, 8

*Chen v. Domino's Pizza, Inc.*,
  2009 U.S. Dist. Lexis 96362 (D.N.J. 2009).....................................................................4

*Cornell v. CF Ctr., LLC*,
  410 F. App'x 265, 267 (11th Cir. 2011) ...........................................................................15

*Denny v. Deutsche Bank AG*,
  443 F.3d 253 (2d Cir. 2006)..........................................................................................11

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Diaz v. Consortium for Workers Educ.*,
No. 10 Civ. 01848 (LAP), 2010 U.S. Dist. LEXIS 107722 (S.D.N.Y. Sept. 28, 2010) ................................................................................................................10

*Goldberg v. Whitaker House Coop., Inc.*,
366 U.S. 28 (1961) .................................................................................................5

*Hageman v. Accenture LLP*,
Civ. No. 10-1759 (RHK)(FLN), 2010 U.S. Dist. LEXIS 99374 (D. Minn. 2010) ...................................................................................................................13

*Herman v. RSR Sec. Servs. Ltd.*,
172 F.3d 132 (2d Cir. 1999) ..................................................................................5

*Hernandez v. Jrpac Inc.*,
No. 14 CIV. 4176 (PAE), 2016 WL 3248493 (S.D.N.Y. June 9, 2016) ...............18

*Heuberger v. Smith*,
2017 U.S. Dist. LEXIS 144783 (N.D. Ind. 2017)............................................15, 16

*Huang v. GW of Flushing I, Inc.*,
17-cv-3181-PKC-JO (E.D.N.Y. April 24, 2018 Minute Order, Pamela K. Chen)....................................................................................................................17

*Indergit v. Rite Aid Corp.*,
08 Civ. 9361 (PGG), 2009 US Dist. LEXIS 42739 (S.D.N.Y. 2009) ...................13

*Jankowski v. Castaldi*,
2006 U.S. Dist. LEXIS 4237 (E.D.N.Y. 2006)........................................................8

*JBCHoldings NY, LLC v. Pakter*,
931 F. Supp. 2d 514 (S.D.N.Y. 2013)....................................................................9

*Lewis v. Casey*,
518 U. S. 343 (1996)............................................................................................12

*Lucas v. Jerusalem Cafe, LLC*,
721 F.3d 927 (8th Cir 2013) ...............................................................................13

*Mahon v. Ticor Title Ins. Co.*,
683 F.3d 59 (2d Cir. 2012)..................................................................................12

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Marakova v. United States*,
    201 F.3 3d 110, 113 (2d Cir. 2000) .................................................................3

*Martin v. BMS Enters., Inc.*,
    09-cv-2159-D, 2010 U.S. Dist. LEXIS 66050 (N.D. Tx. Jul. 1, 2010) .............................14, 17

*Moses v. Apple Hospitality REIT Inc.*,
    14-cv-3131 (DLI)(SMG), 2016 U.S. Dist. LEXIS 136611 (E.D.N.Y. 2016) .........................11

*Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*,
    No. 11 CIV. 6366 PAC, 2012 WL 3886555 (S.D.N.Y. Sept. 6, 2012) ...............................6, 9

*Nat'l Org. for Marriage, Inc. v. Walsh*,
    714 F.3d 682 (2d Cir. 2013) ....................................................................3

*O'Shea v. Littleton*,
    414 U.S. 488 (1974) ...........................................................................11

*Richard v. Flowers Foods, Inc.*,
    15-cv-2557, 2016 U.S. Dist. LEXIS 153446 (W.D. La. 2016) .................................13

*Roman v. Guapos III, Inc.*,
    970 F. Supp. 2d 407 (D. Md. 2013) ..................................................13, 14, 16, 17

*Sampson v. MediSys Health Network, Inc.*,
    2012 WL 3027838 (E.D.N.Y. July 24, 2012) ......................................................7

*Simon v. E. Kentucky Welfare Rights Ore.*,
    426 U.S. 26 .................................................................................12

*Tyson Foods, Inc. v. Bouaphakeo*,
    U.S., 136 S. Ct. 1036 (2016) (Roberts, C.J., concurring) ......................................12

*W R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*,
    549 F.3d 100 (2d Cir. 2008) ...................................................................11

*White v. Classic Dining Acquisition Corp.*,
    11-cv-712 (JMS)(MJD), 2012 U.S. Dist. LEXIS 52215 (S.D. Ind. Apr. 13,
    2012) (Southern District of Indiana holding same) .............................................14

*Wolman v. Catholic Health Sys. of Long Island, Inc.*,
    853 F. Supp. 2d 290 (E.D.N.Y. 2012) ........................................................4, 8

iv.

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Zheng v. Liberty Apparel Co.*,
    355 F.3d 61 (2d Cir.2003)................................................................................6

*Zuffa, LLC v. Schneiderman*,
    15-cv-7624 (KMW), 2016 U.S. Dist. LEXIS 9178 (S.D.N.Y. Jan. 26, 2016) .........................3

**Statutes**

29 U.S.C. § 203(d) ...........................................................................................4

Fair Labor Standards Act (FLSA)....................................................... *passim*

**Other Authorities**

Federal Rules of Civil Procedure Rules 12(b)(1) and (6) .........................................1, 3

Defendants HAN DYNASTY NYU CORP, HAN DYNASTY OF UNIVERSITY CITY, INC., 3711 MID-ATLANTIC LLC, 3711 MID-ATLANTIC TWO LLC, NEW HAN DYNASTY INC., HAN DYNASTY OF PHILADELPHIA INC, HAN DYNASTY OF MANAYUNK INC, HAN DYNASTY OF CHERRY HILL, LLC, TAO-PIN CHIANG, HAN MING CHIANG, HELEN M KWAN, and JUNE KWAN (the "Moving Defendants"), through their attorneys of record, Littler Mendelson, P.C, submit this Memorandum of Law in Support of their Motion to Dismiss the Collective and Class Action Complaint ("Complaint") of Plaintiff Hsieh Liang Yeh ("Plaintiff") pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure ("FRCP").

## PRELIMINARY STATEMENT

Plaintiff's bare-bones Complaint must be dismissed because he has failed to plead any facts that Moving Defendants were his employers and, as a result, he has failed to establish any Article III standing to pursue his claims against the Moving Defendants.  More specifically, there are no factual allegations in the 32-page Complaint to establish that Plaintiff was ever employed by any of the Moving Defendants, and, thus, Plaintiff's claims against them must be dismissed. As will be discussed in detail below, Plaintiff's claims against Moving Defendants are nothing more than a formulaic recitation of various prongs of the "economic reality" test, which do not include any supporting facts or details to establish an employment relationship with any of the Moving Defendants.

Plaintiff also fails to plead any facts to support a cause of action for overtime pay pursuant to New Jersey state law and, likewise, fails to allege any facts to support any purported "spread of hours" pay violations pursuant to New York state law.  Accordingly, Moving Defendants' motion to dismiss the Complaint should be granted in its entirety.

## RELEVANT PLEADED FACTS

Plaintiff asserts a variety of wage-and-hour claims against Defendants arising under the Fair Labor Standards Act (FLSA), the New York Labor Law (NYLL), the Pennsylvania Minimum Wage Act (PMWA), and the New Jersey Wage and Hour Law (NJWHL). *See* Compl. ¶¶ 119-53.   Although Plaintiff purportedly asserts claims against fifteen (15) corporate and individual defendants that are represented by the undersigned's firm, Plaintiff alleges, at best, the bare minimum of facts to potentially assert wage-and-hour claims against four (4) of these defendants, namely, Han Dynasty, Inc., Han Dynasty Upper West Side Corp, and Lung-Lung Shen Chiang (the "Non-Moving Defendants").[1]   According to the Complaint, Plaintiff only worked for these Non-Moving Defendants.  Specifically, Plaintiff alleges as follows:

> From on or about November 02, 2014 to around May 2016 and again from June 2016 to January 15, 2018, [Plaintiff] was employed by Defendants to work as a chef at [Han Dynasty, Inc.]. *See* Compl. ¶ 9.

> From in or about May 2016 to June 2016, [Plaintiff] was employed by Defendants to work as a chef at [Han Dynasty Upper West Side Corp]. *See* Compl. ¶ 10.

> Plaintiff refers to Lung-Lung Shen Chiang as "Lady Boss", who Plaintiff alleges that she was responsible for signing off on paychecks and controlled Plaintiff's working conditions. *See* Compl. ¶¶ 44, 46, 51, 52.

Based on these allegations in the Complaint, Plaintiff has not – and cannot – plead any factual allegations to support his claims that the Moving Defendants employed him.  Because Plaintiff has failed to adequately allege an employment relationship with — or any facts that give rise to any wage-and-hour claims against the Moving Defendants, they should be dismissed as

---

[1] The undersigned counsel represents all Defendants except H. Dynasty LLC and Suying Zhong. Han Dynasty, Inc., Han Dynasty Upper West Side Corp, and Lung-Lung Shen Chiang ("Non-Moving Defendants") have filed an Answer to the Complaint.

parties to this action. Moreover, because Plaintiff has failed to plead any factual details to support that there were any NJWHL or NYLL spread of hours violations, these two causes of action shall be dismissed as well.

## LEGAL STANDARDS

### I. FEDERAL RULES OF CIVIL PROCEDURE ("RULE") 12(B)(1)

The law is well-established that if a plaintiff lacks standing, "there is no case or controversy over which a federal court may exercise jurisdiction. *Zuffa, LLC v. Schneiderman*, 15-cv-7624 (KMW), 2016 U.S. Dist. LEXIS 9178, at *14 (S.D.N.Y. Jan. 26, 2016). The "irreducible constitutional minimum of standing contains three elements": (1) "the plaintiff must have suffered an injury in fact," i.e., "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical"; (2) "there must be a causal connection between the injury and the conduct complained of"; and (3) "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Nat'l Org. for Marriage, Inc. v. Walsh*, 714 F.3d 682, 688 (2d Cir. 2013). Plaintiff asserting subject-matter jurisdiction bear the burden of proving that jurisdiction exists by a preponderance of the evidence. *Marakova v. United States*, 201 F.3 3d 110, 113 (2d Cir. 2000). "[F]or every named defendant there must be at least one named plaintiff who can assert a claim directly against that defendant, and at that point standing is satisfied…". *Cent. States Southeast & Southwest Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 504 F. 3d 229, 241 (2d Cir. 2007).

### II. RULE 12(B)(6)

In order to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

3.

555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. A complaint that only "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

The required pleading standard is applicable to claims brought under the FLSA and, where a complaint does not contain factual allegations sufficient to demonstrate the liability of a defendant as an employer of the plaintiffs, dismissal of the complaint is warranted. *See, e.g.*, *Chen v. Domino's Pizza, Inc.*, 2009 U.S. Dist. Lexis 96362 (D.N.J. 2009) (granting motion to dismiss because "Plaintiffs have not pled facts sufficient to show that an employment relationship exists between them and Domino's. Plaintiffs simply make the conclusory statement that Domino's is an employer 'within the meaning of 29 U.S.C. § 203(d) and N.J. Sta. Ann. § 34:11-56a1(g).' The complaint fails to make any specific allegations against Domino's to support this contention.").

## LEGAL ARGUMENT

### III.   THE COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILS TO PLEAD THAT MOVING DEFENDANTS EMPLOYED HIM

#### A.   To Establish Standing In A FLSA Collective Action, Plaintiff Must Demonstrate He Is Or Was An Employee Of Each Of The Moving Defendants

Only an "employer" can be liable for violations of the FLSA and the New York Labor Laws. The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to the employee." 29 U.S.C. § 203(d). [2] The definition of "employ"

---

[2] Courts have applied the same analysis to determine if an entity or individual is an "employer" under the FLSA as NYLL. *Wolman v. Catholic Health Sys. of Long Island, Inc.*, 853 F. Supp. 2d

under the FLSA "includes to suffer or permit to work." *Id*. An employment relationship exists under the FLSA when the "economic reality" is such that the "alleged employer possessed the power to control the workers in question." *Herman v. RSR Sec. Servs. Ltd*., 172 F.3d 132, 139 (2d Cir. 1999).

In determining whether an employment relationship exists for purposes of the FLSA, courts evaluate the "economic reality" of the relationship. *See Goldberg v. Whitaker House Coop., Inc.*, 366 U.S. 28, 31 (1961).[3] To determine whether a particular defendant was an "employer" under the FLSA and NYLL, the Second Circuit has set forth four factors describing formal control by an employer. These factors are "whether the alleged employer (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Carter v. Dutchess County Community College*, 735 F. 2d 8, 12 & n.3 (2d Cir. 1984) (internal citations omitted) (recognizing the need for case-by-case analysis because "the statute's definitions are stated only in the broadest terms"). "[N]o one of the four factors standing alone is dispositive. Instead, the 'economic reality' test encompasses the totality of circumstances, no one of which is exclusive." *Id.* (citations omitted.)

In the absence of formal control under the *Carter* factors, a defendant may be characterized as an "employer" for FLSA purposes if it exercises functional control over the

---

290, 296 n.4 (E.D.N.Y. 2012) ("The standards by which a court determines whether an entity is an 'employer' under the FLSA also govern the determination under New York labor law.") (citations omitted).

[3] "[B]ecause the FLSA and New York Labor Law employ similar standards with respect to employment status, [the economic reality] test has been used to analyze both federal and state wage claims." *Cannon v. Douglas Elliman. LLC*, No. 06 Civ. 7092, 2007 WL 4358456, at *4 (S.D.N.Y. Dec. 10, 2007).

workers in question.  To assess whether a putative employer exercised functional control over a worker, courts will consider "(1) whether the alleged employer's premises and equipment were used for the Plaintiffs' work; (2) whether Plaintiffs shifted from one putative joint employer's premises to that of another; (3) the extent to which the work performed by Plaintiffs was integral to the overall business operation; (4) whether Plaintiffs' work responsibilities remained the same regardless of where they worked; (5) the degree to which the alleged employer or its agents supervised Plaintiffs' work, and (6) whether Plaintiffs worked exclusively or predominantly for one Defendant." *Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 71–72 (2d Cir.2003).

Here, Plaintiff has not satisfied the economic reality test with respect to the Moving Defendants. Plaintiff never worked for the Moving Defendants because there is not one allegation in the Complaint that presents any facts as to the employer-employee relationship between Plaintiffs and the Moving Defendants. *See generally* Compl.  To establish that the defendants are employers under the FLSA, the plaintiffs must connect the defendants to the allegations of wrongdoing or show that the defendants exert significant control over the employment of the plaintiffs. *See Carter*, 735 F. 2d at 12; *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, No. 11 CIV. 6366 PAC, 2012 WL 3886555, at *10 (S.D.N.Y. Sept. 6, 2012). Other than alleging in a conclusory manner that he was "employed by Defendants," Plaintiff has not set forth any factual details to establish the existence of any employment relationship with the Moving Defendants. *See* Compl. ¶¶ 9, 10.  Indeed, aside from formulaic recitations from the economic realities test, nowhere does Plaintiff allege with any factual details that the Moving Defendants had the power to hire and fire him, supervise or control his work, determined his rates of pay, or maintain his employment records. Therefore, Plaintiff failed to adequately allege that the Moving Defendants exercised any formal control over him to establish

an employment relationship. *See Sampson v. MediSys Health Network, Inc.*, 2012 WL 3027838, at *4 (E.D.N.Y. July 24, 2012) (dismissing FLSA claims where "[t]here [were] no facts that indicate that [the defendant] had any direct role in hiring or firing the plaintiffs or that it supervised or controlled their work schedules" ... or to "indicate that [the defendant] had any direct role in controlling the plaintiffs' conditions of employment or in determining their rate and method of payment").

**B.     Plaintiff Fails to Plausibly Plead That The Individual Moving Defendants Was His "Employer" Under The FLSA**

While all of the individual defendants, including, Tao-Pin Chiang, Han Ming Chiang, Helen M Kwan, and June Kwan (collectively, "individual Moving Defendants), are alleged to be owners, executives, or "Alcohol Beverage Control Principal[s]" for the corporate Moving Defendants, these allegations, without more, cannot plausibly state a claim against them. *See* Comp. ¶¶ 54-62; *Bravo v. Eastpoint Int'l*, o. 99 CIV. 9474 (WK), 2001 WL 314622, at *2 (S.D.N.Y. Mar. 30, 2001) ("Plaintiffs claim that Ms. Karan is the principle owner and chairperson of the Donna Karan Defendants. However they allege no fact which would tend to establish her power to control the plaintiff workers. This conclusory statement by itself is insufficient.").

Courts in this district have held that where a shareholder does not exercise the requisite day to day operational control, he is not an "employer" under the FLSA or New York law.  In *Bravo*, at *2, the court dismissed the wage and hour claims against Donna Karan individually, holding that the fact that she was the owner and chairperson of the Donna Karan alone was insufficient to hold her liable as an "employer."  Similarly, in *Heng Chan v. Sung Yue Tung Corp. d/b/a/ 88 Palace*, 2007 U.S. Dist. LEXIS 7770 (S.D.N.Y. 2007), the court dismissed a wage claim against one of the shareholders finding that "his investment did not carry with it

7.

managerial responsibility".  *See also Jankowski v. Castaldi*, 2006 U.S. Dist. LEXIS 4237 (E.D.N.Y. 2006) (dismissing the case as to individual defendant who did not participate in the operation of the business).

Here, as in *Chan, Bravo*, and *Jankowski*, the Complaint should be dismissed as to the individual Moving Defendants.  Plaintiff is only able to allege flimsy and formulaic allegations against the individual Moving Defendants that merely recite the elements of the definition of an employer.  Moreover, even when Plaintiff alleges that Tao-Pin Chiang is known as "Boss", Plaintiff does not plead any factual allegations that explain how Tao-Pin Chiang controlled his employment. *Bravo*, 2001 WL 314622, at *2 (Even though Plaintiffs allege that "Ms. Karan is the principle owner and chairperson of the Donna Karan Defendants," this "conclusory statement by itself is insufficient" because "they allege no fact which would tend to establish her power to control the plaintiff workers.").  Notably, there is no factual allegation of when, where, or how the individual Moving Defendants exercised substantive operational control over Plaintiff's wages, hours, or conditions of employment.

### C.    Plaintiff Has Failed To Assert Any Plausible Facts To Establish A Joint Employer Relationship Between Moving and Non-Moving Defendants

Without more, Plaintiff's contention that he was "employed by Defendants" is insufficient as a matter of law to establish the existence of employment relationship with the Moving Defendants.  Mere assertions of common ownership are insufficient to allege the joint employer status of the Non-Moving Defendants and the Moving Defendants, especially when there are no other facts to establish that Moving Defendants exercised any "functional control" over the Plaintiff. *See Wolman v. Catholic Health Sys. of Long Island, Inc.*, 853 F. Supp. 2d 290, 298 (E.D.N.Y. 2012) (rejecting arguments that allegations of an integrated enterprise, common ownership and joint venture were sufficient to state a claim against related entity defendants);

*Nakahata*, 2012 WL 3886555, at *11 (explaining that allegation of common ownership is insufficient to establish joint employer status; additional plausible facts are required to satisfy the functional control test).

Here, Plaintiff has failed to plead any facts that could support a finding of joint employer between the Moving and Non-Moving Defendants.  The only allegations in the Complaint that Plaintiff sets forth are as follows:

> "Upon information and belief," the [corporate Non-Moving and Moving Defendants] "are joint employers of Plaintiff[] and constitute an enterprise as the term is defined by 29 USC § 203(r) insofar as the[y] share staff, including Plaintiff, pay Plaintiff as the shareholders of the enterprise, and are otherwise engaged in related activities performed through unified operation and/or common control for a common business purpose, and are co-owned by the same partners." *See* Compl.¶ 66.  (emphasis added)

That is all the factual allegations that Plaintiff can muster in his 32-page Complaint. *See Apolinar v. R.J. Rest.*, LLC, 2015-cv-8655 (KBF), U.S. Dist. LEXIS 65733, at *11-12 (S.D.N.Y. May 18, 2016) ("Although plaintiffs have plausibly alleged, based on their allegations relating to the content of the Toasties website, that there existed common ownership and a common purpose for at least several of the corporate defendants, the allegations, even when accepted as true as they must be on this motion, do not establish that Moving Corporate Defendants had an interrelation of operations or centralized control of labor relations with plaintiffs' identified direct corporate employer.'").

Moreover, allegations based upon information and belief are adequate only if the relevant knowledge is solely within the possession of the opposing party or the plaintiff makes additional allegations that demonstrate the basis for the belief. *Arista Records, LLC v. Doe,* 604 F.3d 110, 120 (2d Cir. 2010); *JBCHoldings NY, LLC v. Pakter*, 931 F. Supp. 2d 514, 526-27 (S.D.N.Y. 2013). Neither of these scenarios exists here.  Plaintiff should have direct, personal knowledge of

9.

whether any of the Moving Defendants hired him and set his wages and other terms of employment, or should at least be able to allege facts supporting his belief that any of the Moving Defendants hired him and set his wages and other terms of employment.  *See Bai v. Zhuo*, No. 13 CIV. 05790 ILG, 2014 WL 2645119, at *4 (E.D.N.Y. June 13, 2014) (granting dismissal of Complaint including FLSA and NYLL claims on the grounds that Plaintiff failed to adequately allege Moving Defendants were his employers);*see also Diaz v. Consortium for Workers Educ.*, No. 10 Civ. 01848 (LAP), 2010 U.S. Dist. LEXIS 107722, at *8-10 (S.D.N.Y. Sept. 28, 2010) (dismissing FLSA claim because complaint contained insufficient facts to establish that corporate defendant was employer or joint employer).

Without a doubt, Plaintiff has not adequately pled the Moving Defendants formally or functionally controlled his employment. *Apolinar*, 2016 U.S. Dist. LEXIS 65733, at *12-13 ("Plaintiffs do not alleged that the Moving Corporate Defendants had any sort of direct employer responsibility over them, such as the ability to hire or fire, or set work hours or job responsibilities.  Merely reciting the elements of a joint employer arrangement – which is primarily what plaintiffs do here – is insufficient to plausibly allege joint employer status.  That is because, even if the Moving Corporate Defendants are 'part of an integrated enterprise or engaged in a joint venture,' the various corporate Toasties entities 'may nevertheless employ separate people and, absent control are not liable for the separate employees of joint ventures.' Simply put, plaintiffs' allegations do not go beyond alleging common ownership and a common business plan and purpose.  Their allegations entirely leave out the relationship that plaintiffs, as employees, had to the Toasties locations besides the one location at which plaintiffs actually worked.") (internal citations omitted).

Accordingly, because Plaintiff cannot factually plead that he was employed by any of the Moving Defendants, and cannot establish standing as a result, the Complaint must be dismissed with prejudice.

### D.   That Plaintiff Has Stylized This Action As A Putative Collective And Class Action Does Not Automatically Satisfy The Fundamental Requirement of Article III Standing

Plaintiff lacks standing regardless of the fact that this case is pled as a putative collective and class action. "The filing of suit as a class action does not relax th[e] jurisdictional requirement [of standing]." *Denny v. Deutsche Bank AG*, 443 F.3d 253, 263-66 (2d Cir. 2006). "If none of the plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class." *O'Shea v. Littleton*, 414 U.S. 488, 493-95 (1974).

"The Second Circuit has held that 'once there is at least one named plaintiff for every named defendant who can assert a claim directly against that defendant, . . . [Article III] standing is satisfied and only then will the inquiry shift to a class action analysis." *Moses v. Apple Hospitality REIT Inc.*, 14-cv-3131 (DLI)(SMG), 2016 U.S. Dist. LEXIS 136611, at *9 (E.D.N.Y. 2016) (quoting *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 504 F.3d 229, 241 (2d Cir. 2007)). *See also W. R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 106, n.5 (2d Cir. 2008) ("[named] plaintiffs in a class action 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.   Unless [they] can thus demonstrate the requisite case or controversy between themselves personally and [defendants], 'none may seek relief on behalf of himself or any other member of the class') (emphasis in original);

Similarly:

11.

> [Plaintiff s] proposed interpretation of Article III—that it permits suits against non-injurious defendants as long as one of the defendants in the suit injured the plaintiff is unprecedented. No decision that that we can discern has ever adopted such a broad interpretation of constitutional standing. . . .
>
> . . . [W]hether or not Rule 23 would permit a plaintiff to represent a class against non-injurious defendants cannot affect the plaintiff's Article III standing to sue the non-injurious defendants. A federal rule cannot alter a constitutional requirement. It is well established that "a plaintiff must demonstrate standing for each claim [s]he seeks to press."

*Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62-66 (2d Cir. 2012) (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 335 (2006)). As Chief Justice Roberts has stated, "Article III does not give federal courts the power to order relief to any uninjured plaintiff, class action or not. The Judiciary's role is limited 'to provid[ing] relief to claimants in individual or class actions, who have suffered, or will imminently suffer, actual harm.' *Lewis v. Casey*, 518 U. S. 343, 349 (1996)." *Tyson Foods, Inc. v. Bouaphakeo*, U.S. , 136 S. Ct. 1036, 1053 (2016) (Roberts, C.J., concurring).

In a proposed class action,

> "[t]he initial inquiry is whether the lead plaintiff individually has standing." *Winter Family Trust v. Queen*, 503 F.3d 319, 325-26 (3d Cir. 2007); *see also Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 423 (6th Cir. 1998) (explaining "[t]hreshold individual standing is a prerequisite for all actions, including class actions"); Newberg on Class Actions, § 2:5 (4th ed 2003) (same). Individual standing is a named plaintiffs ability to "allege [] a distinct and palpable injury to himself." *Fallick*, 162 F.3d at 423; *see also Simon v. E. Kentucky Welfare Rights Ore.*, 426 U.S. 26, 40 n.20, 96 S. Ct. 1917, 48 L. Ed. 2d 450 (1976) (explaining that named plaintiffs "must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent") (quotation omitted). Once a plaintiff establishes individual standing, Article III's requirements are met.

*Indergit v. Rite Aid Corp.*, 08 Civ. 9361 (PGG), 2009 US Dist. LEXIS 42739, at *8-9 (S.D.N.Y. 2009).

This rule applies equally in FLSA collective actions: "[A] named plaintiff in a collective action has adequately pleaded standing against a particular defendant only if the plaintiff has alleged an injury that the defendant caused to him.") . . . .". *Hageman v. Accenture LLP*, Civ. No. 10-1759 (RHK)(FLN), 2010 U.S. Dist. LEXIS 99374, at *8-9 (D. Minn. 2010) (emphasis in original).

Here, the Complaint fails to allege an injury that the Moving Defendants (as opposed to the Non-Moving Defendants) purportedly caused Plaintiff. *See also Lucas v. Jerusalem Cafe, LLC*, 721 F.3d 927, 937 (8th Cir 2013) ("The employers violated the FLSA by paying the workers substandard wages, which means the workers' suit to recover damages is a justiciable `Case[]' or `Controvers[y]' under Article III. U.S. Const. art. III, § 2.  First, the underpayment for actual work was 'an injury in fact.' Second, that underpayment 'fairly can be traced to the challenged action of the defendant[s].'") (internal citations omitted); *Richard v. Flowers Foods, Inc.*, 15-cv-2557, 2016 U.S. Dist. LEXIS 153446, at *10 (W.D. La. 2016) (dismissed for lack of subject matter jurisdiction where none of the named plaintiffs was ever an employee under the FLSA).

The injuries of plaintiffs in an FLSA case "are only traceable to, and redressable by, those who employed them." *Roman v. Guapos III, Inc.*, 970 F. Supp. 2d 407, 412 (D. Md. 2013); *see also Cavallaro v. UMass Mem'l Health Care, Inc.*, 971 F. Supp. 2d 139, 146 (D. Mass. 2013). Where "traceability and redressability"—two of the three requirements for standing—are lacking, courts do not hesitate to dismiss FLSA claims. *See, e.g., Cavallaro*, 971 F. Supp. 2d at 146-50 (dismissing FLSA claims against corporations other than plaintiff's actual employer

based on lack of standing); *Roman*, 970 F. Supp. 2d at 416 (same); *White v. Classic Dining Acquisition Corp.*, 11-cv-712 (JMS)(MJD), 2012 U.S. Dist. LEXIS 52215, at *6-7 (S.D. Ind. Apr. 13, 2012) (Southern District of Indiana holding same); *Martin v. BMS Enters., Inc.*, 09-cv-2159-D, 2010 U.S. Dist. LEXIS 66050, at *4-13 (N.D. Tx. Jul. 1, 2010) (same, after raising standing *sua sponte*).

The fact that Plaintiff styles this case as a putative FLSA collective action does not permit Plaintiff to avoid the fundamental requirement of Article III standing as against the Moving Defendants. "The requirement of standing is not lessened for an individual plaintiff where that plaintiff files a class action complaint[,]" and this "standing requirement is no different in a collective action suit" under the FLSA. *Martin*, 2010 U.S. Dist. LEXIS 66050, at *6, 10; *see also Cavallaro*, 971 F. Supp. 2d at 146 (FLSA case, noting that "[i]nclusion of class allegations does not relieve a plaintiff of the requirement that she allege that she personally has suffered an injury, fairly traceable to the challenged action of the defendants").

"Plaintiffs cannot establish standing by pointing to an injury that a defendant caused to a putative class member." *Martin*, 2010 U.S. Dist. LEXIS 66050, at *6-7. Thus, "[t]o demonstrate that they have standing, named plaintiffs must meet every element of standing as to each defendant, including alleging that they were injured by each defendant named in the suit." Id at *7 (emphasis added). "Plaintiffs must point to an injury caused by each defendant" in order to establish standing. *Id*. at *10 n.6. (emphasis added). *See also White*, 2012 U.S. Dist. LEXIS 52215, at *7 (dismissing suit where plaintiff conceded defendants never employed her). Therefore, "a named plaintiff in a collective action has adequately pleaded standing against a particular defendant only if the plaintiff has alleged an injury that the defendant caused to him." *Martin*, 2010 U.S. Dist. LEXIS 66050, at *11. Clearly, Plaintiff has not done so here with

respect to the Moving Defendants, again, because Plaintiff alleges, at most, that he suffered FLSA, PMWA, and NYLL violations while working for only the Non-Moving Defendants, and asserts nothing with respect to the Moving Defendants.

**E.   As A Matter Of Law, Plaintiff Cannot Avoid The Standing Requirement Merely By Setting Forth Allegations That The Non-Moving Defendants And The Moving Defendants Are Joint Employers And/Or Comprise A Single Integrated Enterprise**

The allegations in the Complaint that the Non-Moving Defendants and Moving Defendants which Plaintiff claims operate as joint employers and/or constitute a single integrated enterprise do not cure Plaintiff's fatal lack of standing to assert claims against the Moving Defendants. "Under the FLSA, alleged employees' injuries are only traceable to, and redressable by [touchstones of standing], those who employed them.' *Heuberger v. Smith*, 2017 U.S. Dist. LEXIS 144783, at *29 (N.D. Ind. 2017).  The existence of an enterprise relates to coverage, not standing:

> In *Patel v. Wargo*, we explained that the legislative history of the FLSA and the case law demonstrate that the enterprise analysis was included in the FLSA solely for the purpose of expanding the scope of coverage of the statute. The legislative history clearly states the congressional purpose to expand the coverage of the Act, i.e., to lump related activities together so that the annual dollar volume test for coverage would be satisfied." . . . The enterprise and liability analyses are distinct. "The finding of an enterprise is relevant only to the issue of coverage. Liability is based on the existence of an employer-employee relationship.

*Cornell v. CF Ctr., LLC*, 410 F. App'x 265, 267 (11th Cir. 2011) (unpublished) (internal citations omitted).

> . . . Issues of whether an 'enterprise' exists in the FLSA context . . . are more relevant to the issue of coverage under the statute, not liability. Plaintiff here has not demonstrated the 'required employer-employee relationship necessary to establish that [his] injuries are fairly traceable' to Destiny or Diamond, nor that a favorable decision against Destiny or Diamond would redress his alleged injuries Therefore, Plaintiffs individual claim against

> Destiny and Diamond in Count I will be dismissed, without prejudice, for lack of standing.

*Heuberger v. Smith,* 2017 U.S. Dist. LEXIS 144783, at *40-41 (N.D. Ind. 2017).

> Plaintiffs have not provided, nor has the court uncovered, one federal appellate case applying the "single integrated enterprise" concept to determine the scope of FLSA liability. Instead, every circuit has applied some variation of the *Bonnette* test, which correctly evaluates the relationship between employee and alleged employer, not between employer and non-employer. This court elects to follow that well-worn path.

*Roman v. Guapos III, Inc.,* 970 F. Supp. 2d 407, 415 (D. Md. 2013).

> Plaintiffs allege that a multi-entity enterprise is operating as a cohesive unit whose policies have violated the FLSA. But the Plaintiffs . . . have not demonstrated the required employer- employee relationship necessary to establish that their injuries are fairly traceable to the Corporate Defendants, nor that a favorable decision against the Corporate Defendants would redress Plaintiffs' alleged injuries.

*Id.* at 415-16.

> By alleging that she worked time for which she did not receive compensation, plaintiff clearly sets forth a sufficient injury-in-fact to satisfy the first requirement. However, it is less obvious that plaintiff has satisfied the second and third elements-traceability and redressability-as to all nine defendants. It is uncontested that liability in the context of the FLSA is predicated on the existence of an employer-employee relationship. Accordingly, plaintiffs injuries are only traceable to, and redressable by, those defendants who are deemed by law to have employed her.

*Cavallaro v. UMass Mem. Health Care, Inc.,* 971 F. Supp. 2d 139, 146 (D. Mass. 2013).

Courts in this District have likewise recognized that Plaintiffs must have Article III standing against all of the defendants in the case, and putative class and collective action wage-hour claims and joint employer/enterprise allegations do not obviate this threshold requirement. Recently, United States District Court Judge Pamela Chen of the U.S. District Court, Eastern District of New York, decided a case substantially similar to the case at bar (another action

16.

brought by Plaintiff's counsel, John Troy) when she dismissed a proposed amended pleading against all of the corporate defendants that the plaintiffs do not alleged to have worked for. *See Huang v. GW of Flushing I, Inc.*, 17-cv-3181-PKC-JO (E.D.N.Y. April 24, 2018 Minute Order, Pamela K. Chen) ("dismissing the complaint against certain corporate and individual defendants for "lack of Article III standing" despite same allegations of the joint enterprise theory). Indeed, courts require that plaintiffs "allege in their complaint sufficient facts that each of the other [defendants] is their employer[.]" *Roman*, 970 F. Supp. 2d at 414 (emphasis added). As a result, because Plaintiff has not alleged facts sufficient to show that any of the Moving Defendants were his employer under the FLSA, he lacks standing to pursue a claim against them. Therefore, this Court lacks subject matter jurisdiction to adjudicate any claim against the Moving Defendants.

## IV.   PLAINTIFF FAILS TO PLEAD VALID NJWHL OVERTIME PAY AND NYLL SPREAD OF HOURS CAUSES OF ACTION

Plaintiff did not work in New Jersey and was not at any time subject to the NJWHL as he alleges to have only worked for Han Dynasty, Inc. in Exton, Pennsylvania and Han Dynasty Upper West Side Corp in Manhattan, New York. *See* Compl. ¶ 9, 10. Accordingly, Plaintiff has no standing to set forth the cause of action for failure to pay him overtime pay under the NJWHL. *Martin*, 2010 U.S. Dist. LEXIS 66050, at *6-7 ("Plaintiffs cannot establish standing by pointing to an injury that a defendant caused to a putative class member" and not to themselves individually).

Moreover, it is undisputed that Plaintiff does not plead a cause of action that supports a spread of hours claim under the NYLL. The spread of hours claim is straight-forward and is set forth as follows:

> The NYLL entitles an employee to spread-of-hours pay, meaning "one additional hour of pay at the basic minimum hourly rate" for "each day on which the spread of hours exceeds 10." 12 N.Y.C.R.R. § 146-1.6(a).[28] The "spread of hours" refers to "the

> length of the interval between the beginning and end of an employee's workday[, and] ... includes working time plus time off for meals plus intervals off duty." *Id.* § 146-1.6. "[A]ll employees in restaurants, regardless of a given employee's regular rate of pay," are covered by the spread-of-hours requirements." *Id.* at § 146-1.6(d). In other words, employers must "pay [restaurant workers] an extra hour's pay at the regular minimum wage for each day they work more than ten hours." *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 241 (2d Cir. 2011) (citing the previous version of the regulations).

*Hernandez v. Jrpac Inc.*, No. 14 CIV. 4176 (PAE), 2016 WL 3248493, at *28 (S.D.N.Y. June 9, 2016). Clearly, and in no uncertain terms here, Plaintiff does not allege to have worked more than 10 hours for any shift during his entire employment period with the Non-Moving Defendants. *See* Compl. ¶¶ 94-96.

Accordingly, Plaintiff's own allegations in the Complaint support dismissal of the causes of action asserting violations of overtime pay under the NJWHL and spread of hours under the NYLL.

## <u>CONCLUSION</u>

WHEREFORE, based upon the foregoing, Moving Defendants respectfully request that their Motion to Dismiss be granted in its entirety along with such other and further relief as the Court deems just and proper.

Dated:  September 28, 2018
        New York, New York

                              /s/ William H. Ng
                              William H. Ng
                              Kevin K. Yam
                              LITTLER MENDELSON
                                A Professional Corporation
                              900 Third Avenue
                              New York, NY  10022.3298
                              212.583.9600
                              wng@littler.com
                              kyam@littler.com

                              *Attorneys for the Non-Moving and Moving Defendants*

19.