UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HSIEH LIANG YEH, *on his own behalf and on
behalf of others similarly situated*,

                Plaintiff,

           -against-

HAN DYNASTY, INC. d/b/a Han Dynasty;
HAN DYNASTY UPPER WEST SIDE CORP
d/b/a Han Dynasty;
HAN DYNASTY NYU CORP d/b/a Han Dynasty;
HAN DYNASTY OF UNIVERSITY CITY, INC.
d/b/a Han Dynasty;
3711 MID-ATLANTIC LLC d/b/a Han Dynasty;
3711 MID-ATLANTIC TWO LLC d/b/a Han
Dynasty;
NEW HAN DYNASTY INC. d/b/a Han Dynasty;
HAN DYNASTY OF PHILADELPHIA INC d/b/a
Han Dynasty;
HAN DYNASTY OF MANAYUNK INC d/b/a
Han Dynasty;
HAN DYNASTY OF CHERRY HILL, LLC d/b/a
Han Dynasty;
HAN DYNASTY OF BROOKLYN, LLC d/b/a
Han Dynasty;
HAN DYNASTY MANAGEMENT INC. d/b/a
Han Dynasty;
HD GROUP HOLDINGS, LLC;
TAO-PIN CHIANG;
LUNG-LUNG SHEN CHIANG;
HAN MING CHIANG a/k/a Han Chiang, a/k/a
Ming Han Chiang;
HELEN M KWAN;
JUNE KWAN;
MEIDA LIU; and
MARK ALLAN;

                Defendants.

Case No. 18-cv-06018-PAE

---

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOVING
DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COLLECTIVE
AND CLASS ACTION COMPLAINT**

TABLE OF CONTENTS

PAGE

LEGAL ARGUMENT ................................................................................................ 1

I.    THE COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILS
      TO PLEAD THAT MOVING DEFENDANTS EMPLOYED HIM .............................. 1

      A.    Plaintiff Must Demonstrate He Is Or Was An Employee Of Each Of The
            Moving Defendants As The Single Integrated Enterprise Theory Does Not
            Apply.......................................................................................................... 1

      B.    Plaintiff Fails to Plausibly Plead That The Six (6) Individual Moving
            Defendants Were His "Employer" Under The FLSA ........................................ 5

      C.    Plaintiff Has Failed To Assert A Joint Employer Relationship Between
            Moving and Non-Moving Defendants ................................................................ 7

CONCLUSION......................................................................................................... 9

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Apolinar v. R.J. Rest.*, LLC, 2015-cv-8655, U.S. Dist. LEXIS 65733 (S.D.N.Y. May 18, 2016) ........................................................................................................4, 7

*Bravo v. Eastpoint Int'l*, 99 CIV. 9474 (WK), 2001 WL 314622 (S.D.N.Y. Mar. 30, 2001) .........................................................................................................5, 6

*Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984) .......................................5

*Hart v. Rick's Cabaret Int'l, Inc.*, 967 F. Supp. 2d 901 (S.D.N.Y. 2013) ...................2, 3

*Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132 (2d Cir. 1999) ........................................1

*Huang v. GW of Flushing I, Inc.*, 17-cv-3181-PKC-JO (E.D.N.Y. April 24, 2018 Minute Order, Pamela K. Chen) ...........................................................................9

*Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, No. 11 CIV. 6366 PAC, 2012 WL 3886555 (S.D.N.Y. Sept. 6, 2012)..............................................5

*Sampson v. MediSys Health Network, Inc.*, 2012 WL 3027838 (E.D.N.Y. July 24, 2012) ......................................................................................................................3

*St. Jean v. Orient-Express Hotels Inc.*, 963 F. Supp. 2d 301 (S.D.N.Y. 2013) .............8

*Wolman v. Catholic Health Sys. of Long Island, Inc.*, 853 F. Supp. 2d 290 (E.D.N.Y. 2012)......................................................................................................7

**Statutes**

Fair Labor Standards Act (FLSA).......................................................................... *passim*

New York Labor Law .............................................................................................1, 6

Defendants HAN DYNASTY NYU CORP, HAN DYNASTY OF UNIVERSITY CITY, INC., 3711 MID-ATLANTIC LLC, 3711 MID-ATLANTIC TWO LLC, NEW HAN DYNASTY INC., HAN DYNASTY OF PHILADELPHIA INC, HAN DYNASTY OF MANAYUNK INC, HAN DYNASTY OF CHERRY HILL, LLC, HAN DYNASTY OF BROOKLYN, LLC, HAN DYNASTY MANAGEMENT INC., HD GROUP HOLDINGS, LLC, TAO-PIN CHIANG, HAN MING CHIANG, HELEN M KWAN, JUNE KWAN, MEIDA LIU, AND MARK ALLAN (the "Moving Defendants"), through their attorneys of record, Littler Mendelson, P.C, submit this Reply Memorandum of Law in Further Support of their Motion to Dismiss the First Amended Collective and Class Action Complaint ("Complaint") of Plaintiff Hsieh Liang Yeh ("Plaintiff") pursuant to the Federal Rules of Civil Procedure ("FRCP" or "Rule") 12(b)(1) and (6).[1]

## LEGAL ARGUMENT

### I.   THE COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILS TO PLEAD THAT MOVING DEFENDANTS EMPLOYED HIM

#### A.   Plaintiff Must Demonstrate He Is Or Was An Employee Of Each Of The Moving Defendants As The Single Integrated Enterprise Theory Does Not Apply

As an initial matter, Plaintiff asks the Court to apply the "integrated enterprise test" to the issue of joint employer liability. *See* Plaintiffs' Opposition to Moving Defendants' Motion to Dismiss (Dkt. 51) ("Pl. Br.") 9-12.  This test should not apply in this Fair Labor Standards Act ("FLSA") case because the majority of the courts in the Second Circuit require that the "economic realities test" be met in order to find an employer liable for FLSA and New York Labor Law ("NYLL") violations. *Herman v. RSR Sec. Servs.  Ltd*., 172 F.3d 132, 139 (2d Cir.

---

[1] As the Court is aware, Han Dynasty, Inc., Han Dynasty Upper West Side Corp, and Lung-Lung Shen Chiang (the "Non-Moving Defendants") filed an Answer to the Complaint on November 9, 2018. (Dkt. 50)

1999). ("An employment relationship exists under the FLSA when the "economic reality" is such that the "alleged employer possessed the power to control the workers in question.").  Moreover, as Your Honor has clearly stated before in *Hart v. Rick's Cabaret Int'l, Inc.*, 967 F. Supp. 2d 901, 940 (S.D.N.Y. 2013):

> [T]he "integrated enterprise test" [is] derived from other employment and labor statutes—to [apply to] the issue of joint employer liability…The test considers: "(1) interrelated operations, (2) common management, (3) centralized control of labor relations, and (4) common ownership." *Chen v. TYT E. Corp.,* No. 10 Civ. 5288(PAC), 2012 WL 5871617, at *3 (S.D.N.Y. Mar. 21, 2012) (quoting *Murray v. Miner,* 74 F.3d 402, 404 (2d Cir.1996)). **[However, t]he Court declines to [apply the integrated enterprise test.]**  It appears that only one judge in this District has applied the integrated enterprise test in the FLSA context, and did so while noting that "[t]he Second Circuit has not yet spoken, however, on whether the integrated enterprise/single employer doctrine applies to hold a parent company liable as an employer for violations of the FLSA." *Chen,* 2012 WL 5871617, at *3; *see also Salomon v. Adderley Indus., Inc.,* 960 F.Supp.2d 502 (S.D.N.Y.2013).
>
> **The Court is persuaded that, in this Circuit, the economic reality test, consisting of the formal and functional inquiries, is instead used**. *See Gorey v. Manheim Servs. Corp.,* 788 F.Supp.2d 200, 210 (S.D.N.Y.2011)…**The integrated enterprise test is inapposite because an "enterprise" is not always coextensive with an "employer" under the FLSA**. *See* 29 U.S.C. § 203(r)(1); *Bowrin v. Catholic Guardian Soc'y,* 417 F.Supp.2d 449, 458 (S.D.N.Y.2006). "As defined in the [FLSA], the term enterprise is roughly descriptive of a business rather than of an establishment or of an employer although on occasion the three may coincide. The enterprise may consist of a single establishment which may be operated by one or more employers; or it may be composed of a number of establishments which may be operated by one or more employers." 29 C.F.R. § 779.203 (citation omitted).
>
> In any event, applying the integrated enterprise test would not change the outcome of plaintiffs' motion. **The courts to apply the integrated enterprise doctrine have held that it only "applies in 'extraordinary circumstances' where plaintiff demonstrates 'sufficient indicia of an interrelationship between the immediate corporate employer and the affiliated corporation to justify the belief on the part of an aggrieved employee that the affiliated corporation is jointly responsible for the acts of the immediate employer.'** " *Morangelli v. Chemed Corp.,* 922 F.Supp.2d 278, 285 (E.D.N.Y.2013) (quoting *Herman v. Blockbuster Entm't Grp.,* 18 F.Supp.2d 304, 308 (S.D.N.Y.1998)), *reconsideration denied in part,* 2013 WL 1212790 (E.D.N.Y. Mar. 25, 2013).

(emphasis added).

Therefore, as Your Honor has explained in great detail, the "integrated enterprise test" should not apply in the instant FLSA/NYLL action. *See Rick's Cabaret Int'l.*, 967 F. Supp. at 940.   Further, it should only be applied in "extraordinary circumstances where plaintiff demonstrates sufficient indicia of an interrelationship between the immediate corporate employer and the affiliated corporation" to justify that the affiliated corporation is "jointly responsible for the acts of the immediate employer." *Id*.   Here, Plaintiff has, at most, shown that the Non-Moving Defendants Han Dynasty, Inc. and Han Dynasty Upper West Side Corp are interrelated in terms of operations and labor relations. *See* Compl. ¶ 102 ("Plaintiff was shared between the Exton, PA Han Dynasty location and the Upper West Side, NY Han Dynasty location."). However, all of the Plaintiff's remaining factual allegations are generalized and do not contain any factual details explaining what each corporate Moving Defendant's relationship is or was to the Non-Moving Defendants. *See generally* Compl.; Pl. Br. 11-12.   In short, Plaintiff has not – and cannot – set forth any facts to establish a sufficient interrelationship between Plaintiff and the eleven (11) corporate Moving Defendants in order find them jointly responsible for the acts of the Non-Moving Defendants.

Moreover, Plaintiff has not met the requirements of the "economic realities test." *See Sampson v. MediSys Health Network, Inc.*, 2012 WL 3027838, at *4 (E.D.N.Y. July 24, 2012) (dismissing FLSA  claims where "[t]here [were] no facts that indicate that [the defendant] had any direct role in hiring or firing the plaintiffs or that it supervised or controlled their work schedules" ... or to "indicate that [the defendant] had any direct role in controlling the plaintiffs' conditions of employment or in determining their rate and method of payment").

Here, Plaintiff was never employed nor did he ever do work for the Moving Defendants. Put simply, there are no plausible allegations in the Complaint to establish the employer-employee relationship between Plaintiff and the Moving Defendants. *See generally* Compl. Indeed, even a cursory review of Plaintiff's opposition papers (Dkt. 51) would dictate the same finding:

> Plaintiff has pleaded that the Defendants' operations are interrelated inasmuch as they share common facilities—Defendants use the Upper West Side location to train chefs for all locations—together use a single trademarked logo, and have similar menus and décor. Plaintiff has pleaded sufficient factual matter to show that Defendants exercise centralized control over labor relations by implementing similar pay policies and requiring employees, including Plaintiff, to work similar hours across establishments; and by shifting kitchen employees among the different restaurants without requiring the employees to go through new job application or training processes. Furthermore, the same individual signed Plaintiff's paychecks and paid Plaintiff no matter where he worked. Plaintiff has alleged have common management, ownership, and financial control, because the Chiangs, and particularly Han Ming Chiang, are owners and officers of the corporate defendants.

*See* Pl. Br. 11-12.  The only strand of interrelationship that Plaintiff may have possibly pled is between Plaintiff and the Non-Moving Defendants, in particular, Han Dynasty, Inc. which operates a restaurant in Exton, PA, and Han Dynasty Upper West Side Corp., which operates a restaurant in the Upper West Side in New York City. Plaintiff claims that he was allegedly asked by Lung Lung Shen-Chiang to go from the Exton, PA location to the Upper West Side location. *See Id.*; Compl. ¶ 104; *Apolinar v. R.J. 49 Rest., LLC*, No. 15-CV-8655 (KBF), 2016 WL 2903278, at *4 (S.D.N.Y. May 18, 2016)  ("Allegations of common ownership and common purpose, without more, do not answer the fundamental question of whether each corporate entity controlled Plaintiffs as employees."). However, as demonstrated herein, Plaintiff fails to allege any specific or plausible facts to establish an employer-employee relationship with any of the Moving Defendants. *See Id.*

4.

The law is well established in this Circuit that in order to establish that the defendants are employers under the FLSA, the plaintiffs must connect the defendants to the allegations of wrongdoing or show that the defendants exert significant control over the employment of the plaintiffs. *See Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984); *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, No. 11 CIV. 6366 PAC, 2012 WL 3886555, at *10 (S.D.N.Y. Sept. 6, 2012). Here, Plaintiff has utterly failed to meet this standard as he has simply asserted formulaic recitations of the economic realities test. Most importantly, Plaintiff's Complaint is devoid of any factual details to demonstrate that the Moving Defendants had the power to hire and fire him, supervise or control his work, determine his rates of pay, or maintain his employment records. *See* Compl. ¶¶ 97-145. Accordingly, the Moving Defendants' motion to dismiss must be granted.

**B.**  **Plaintiff Fails to Plausibly Plead That The Six (6) Individual Moving Defendants Were His "Employer" Under The FLSA**

Plaintiff first appears to concede that he cannot assert any employer liability against four (4) of the individual Moving Defendants – Helen M Kwan, June Kwan, Meida Liu, and Mark Allan. Plaintiff merely alleges in a conclusory manner that these individuals are the owners, executives, or principals for the corporate Moving Defendants. *See* Pl. Br. 12-13. Without more, these formulaic recitations of the economic realities test cannot plausibly state a claim against these four (4) individual defendants. *See Id.*; Compl. ¶¶ 67-69, 78-96; *Bravo v. Eastpoint Int'l*, o. 99 CIV. 9474 (WK), 2001 WL 314622, at *2 (S.D.N.Y. Mar. 30, 2001) ("Plaintiffs claim that Ms. Karan is the principal owner and chairperson of the Donna Karan Defendants. However they allege no fact which would tend to establish her power to control the plaintiff workers. This conclusory statement by itself is insufficient.").

Specifically, Plaintiff alleges that Helen Kwan and June Kwan are the principals or corporate officers of Han Dynasty Upper West Side Corp. *See* Compl. ¶¶ 87, 88, 91; Pl. Br. 6. Aside from repeating the elements of the economic realities test as to Helen Kwan's and June Kwan's purported control and power, Plaintiff fails to present any factual allegations to support his argument that they employed him under the FLSA and/or NYLL. *See* Compl. ¶¶ 86, 90. Therefore, as a matter of law, Helen Kwan and June Kwan should be dismissed from this lawsuit.

With respect to Mark Allan, there are absolutely no allegations that Allan ever employed Plaintiff.  Plaintiff's counsel's unverified allegation that "Mark Allan is the Treasurer of HD Group Holdings, LLC" does not establish an employer-employee relationship. *See* Pl. Br. 6. Further, Plaintiff alleges that Meida Liu is the "lead chef" at Han Dynasty Upper West Side Corp. and that Liu supervises the training of chefs. *See* Compl. ¶ 95.  However, Plaintiff offers no further factual allegations concerning Liu's employment of Plaintiff to satisfy the economic realities test.  As such, as a matter of law, Mark Allan and Meida Liu must be dismissed from this action as well.

The Complaint must also be dismissed as to the remaining two (2) individual Moving Defendants Tao-Pin Chiang and Han Ming Chiang.  Plaintiff only asserts flimsy allegations that Tao-Pin Chiang is known as "Boss", but does not plead any factual allegations to explain how Tao-Pin Chiang controlled his employment. *See* Compl. 6-7.  As to Han Ming Chiang, there are no factual allegations of when, where, or how Chiang exercised substantive operational control over Plaintiff's wages, hours, or conditions of employment (despite Plaintiff's allegations that Han Ming Chiang was the owner and manager).  *See* Compl. ¶¶ 104-07, 109; Pl. Br. 12 (Plaintiff "heard about Han Ming Chiang" firing workers "at a location where he did not work," which

shows that Plaintiff did not have actual knowledge but is merely asserting hearsay allegations); *Bravo*, 2001 WL 314622, at \*2 (Even though Plaintiffs allege that "Ms. Karan is the principal owner and chairperson of the Donna Karan Defendants," this "conclusory statement by itself is insufficient" because "they allege no fact which would tend to establish her power to control the plaintiff workers.").

Accordingly, the claims asserted against the individual Moving Defendants must be dismissed as a matter of law.

### C.   Plaintiff Has Failed To Assert A Joint Employer Relationship Between Moving and Non-Moving Defendants

Plaintiff's assertion that he was employed by twenty (20) employers, including the seventeen (17) Moving Defendants, is completely unsupported by the allegations in the Complaint and patently false. *See generally* Compl. and Pl. Br.  Plaintiff's unverified allegations that he was "employed by Defendants" are insufficient as a matter of law to establish the existence of an employment relationship with the Moving Defendants. *See* Compl. ¶ 9.  Mere recitations of common ownership are insufficient to allege the joint employer status of the Non-Moving Defendants and the Moving Defendants, especially when there are no other facts to establish that Moving Defendants exercised any "functional control" over Plaintiff. *See Wolman v. Catholic Health Sys. of Long Island, Inc.*, 853 F. Supp. 2d 290, 298 (E.D.N.Y. 2012) (rejecting arguments that allegations of an integrated enterprise, common ownership and joint venture were sufficient to state a claim against related entity defendants).

Here, Plaintiff has failed to plead any facts that could support a finding of joint employment between the Moving and Non-Moving Defendants because the totality of factual allegations set forth by Plaintiff is that the Non-Moving Defendants and the Moving Defendants are merely "a part of a single enterprise." *See Apolinar v. R.J. Rest.*, LLC, 2015-cv-8655 (KBF),

U.S. Dist. LEXIS 65733, at *11-12 (S.D.N.Y. May 18, 2016) ("Although plaintiffs have plausibly alleged…that there existed common ownership and a common purpose for at least several of the corporate defendants, the allegations, even when accepted as true as they must be on this motion, do not establish that Moving Corporate Defendants had an interrelation of operations or centralized control of labor relations with plaintiffs' identified direct corporate employer.'").  Plaintiff has only alleged that there is an interrelation of operations or centralized control of labor relations between Han Dynasty, Inc. and Han Dynasty Upper West Side Corp. but not with respect to the corporate Moving Defendants.

For example, Plaintiff has not demonstrated how there is any centralized control of labor between Han Dynasty of Cherry Hill, LLC and any of the Non-Moving Defendants.  Plaintiff *admits* that he did not even work in New Jersey at any point of his alleged employment with the Non-Moving Defendants, *see* Pl. Br. 16. Rather, Plaintiff brought this lawsuit against Han Dynasty of Cherry Hill, LLC because of his generalized and unverified allegation that the "Han Dynasty Enterprise shares employees and provides training of employees such that employees are directed to different restaurant locations for work or for training." *See* Compl. ¶ 102. Similarly, this exercise may be repeated with the rest of the corporate Moving Defendants as Plaintiff only provides conclusory allegations that the Non-Moving Defendants and the Moving Defendants operated as a joint employer or single-integrated enterprise. Other than the two locations at which Plaintiff actually worked, he does not set forth any detail explaining the relationship that Plaintiff, as an "employee," had to the other restaurant locations doing business as "Han Dynasty". *See* Compl. ¶¶ 102-03, 110-12.  Additionally, even Plaintiff's allegations concerning a labor dispute in 2017 between chefs "at the Han Dynasty's University City,

Pennsylvania location" is based on hearsay and not on personal knowledge as Plaintiff never worked at the Han Dynasty in University City, Pennsylvania. *See* Compl. ¶¶ 9-11, 105.[2]

Accordingly, because Plaintiff has not and cannot factually plead that he was employed by any of the Moving Defendants, the Complaint must be dismissed against them with prejudice.

## **CONCLUSION**

WHEREFORE, based upon the foregoing reasons and the reasons set forth in Moving Defendants' Main Brief, the Moving Defendants respectfully request that their Motion to Dismiss be granted in its entirety along with such other and further relief as the Court deems just and proper.

Dated:  December 7, 2018
       New York, New York

/s/ William H. Ng
_____
William H. Ng
Kevin K. Yam
LITTLER MENDELSON
  A Professional Corporation
900 Third Avenue
New York, NY  10022.3298
212.583.9600
wng@littler.com
kyam@littler.com

*Attorneys for the Non-Moving and Moving Defendants*

---

[2] Plaintiff's reliance upon *St. Jean v. Orient-Express Hotels Inc.*, 963 F. Supp. 2d 301 (S.D.N.Y. 2013) is inapplicable because *St. Jean* was a Title VII case and did not address joint employment under the FLSA/NYLL context.  Therefore, this decision cannot be used to support a finding of joint employment between the Moving and Non-Moving Defendants.